FILED - GR
September 3, 2026 9:22 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR SCANNED BY: AR / 9.3

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH ANTWAN ARTIS,
Plaintiff,

v. Case No. **1:26-cv-2503**
**Paul L. Maloney- U.S. District Judge**
**Ray Kent - Magistrate Judge**

ANTHONY LEONARD, LUCAS RAYCRAFT, and DRAKE SCHUT, in their individual capacities; CITY OF GRAND RAPIDS; and COUNTY OF KENT,
Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenneth Antwan Artis, appearing pro se, states as follows:

### NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983. It does not challenge the lawfulness of Plaintiff's arrest on October 11, 2024. It challenges what happened afterward: Plaintiff's continued detention on legal process that did not yet exist, and a prosecution that continued for nineteen months after the complaining witness told the prosecuting authority she did not wish to proceed and did not remember the events. That prosecution ended on June 8, 2026 when the State dismissed the charges because it had no complaining witness.

### JURISDICTION AND VENUE

2 This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Kent County, Michigan, within this District.

### PARTIES

4. Plaintiff Kenneth Antwan Artis is a resident of Grand Rapids, Kent County, Michigan.

5. Defendants Anthony Leonard, Lucas Raycraft, and Drake Schut were at all relevant times police officers employed by the Grand Rapids Police Department, acting under color of state law. They are sued in their individual capacities.

6. Defendant City of Grand Rapids is a Michigan municipal corporation that operates the Grand Rapids Police Department.

7. Defendant County of Kent is a Michigan county that operates the Kent County Correctional Facility.

## FACTUAL ALLEGATIONS

### A. The arrest and booking

8. On October 11, 2024, Shamarah Hall reported to Grand Rapids Police officers that she had been assaulted.

9. Later that day, Defendant Schut stopped a vehicle Plaintiff was driving. Defendants Leonard, Raycraft, and Schut took Plaintiff into custody. No arrest warrant existed at that time.

10 Defendants transported Plaintiff to the Kent County Correctional Facility.

11. Body-worn camera footage from that transport records a Kent County corrections officer stating that no warrant had been received for Plaintiff. The Grand Rapids officer's recorded response was, in substance, that he was aware of this.

12. Notwithstanding that exchange, Kent County personnel booked Plaintiff into the Correctional Facility and held him overnight.

13 Plaintiff was arraigned on the morning of October 12, 2024.

14. The warrant in Plaintiff's case was not authorized and signed until later on October 12, 2024 – after the arraignment had already occurred.

15. Plaintiff remained in custody until he posted bond on October 20, 2024, a period of nine days.

### B. The charges and the evidence used to support them

16. Plaintiff was charged with assault with intent to do great bodily harm less than murder or by strangulation, MCL 750.84, together with a fourth-offense habitual offender notice under MCL 769.12 carrying a mandatory minimum sentence of twenty-five years.

17. During custodial questioning, Defendant Raycraft asserted that a mark on Plaintiff's face was located above the growth line of his facial hair and treated the mark as corroboration of an assault.

18. Plaintiff stated at the time that the mark was a shaving cut.

19. On information and belief, no photograph of the mark was taken, no medical examination of the mark was performed, and no evidence connected the mark to Shamarah Hall.

20. On information and belief, the sworn complaint supporting the charges was executed by one of the Defendant officers. The identity of the affiant is presently known only to Defendants and will be established through discovery and pending public records requests.

21. On information and belief, the sworn complaint did not disclose that Plaintiff had already been arrested, already been booked into the Kent County Correctional Facility, and already been arraigned before the warrant was signed.

22. Had those facts been disclosed, they would have been material to the issuing magistrate's assessment.

## C. The complaining witness withdraws, and the prosecution continues

23. On October 29, 2024, Shamarah Hall wrote to the Kent County Prosecutor's Victim Witness Unit stating that she did not wish to press charges against Plaintiff, that she did not remember what had happened, and that she did not know where any bruises had come from. She stated that she had said so repeatedly.

24. A Victim Witness Advocate for the Kent County Prosecutor's Office acknowledged receipt of that communication in writing the same day.

25 Shamarah Hall did not appear to testify at any proceeding in Plaintiff's criminal case.

26. The prosecution of Plaintiff continued for approximately nineteen months after October 29, 2024.

27. On information and belief, Defendants Leonard, Raycraft, and Schut continued to participate in and support the prosecution during that period.

## D. Favorable termination

28. On June 8, 2026, the Kent County Circuit Court granted the prosecution's motion for nolle prosequi in People v. Artis, No. 24-10913-FH. The stated reason on the order was a missing victim.

29 The case was dismissed and Plaintiff's bond was cancelled.

. Plaintiff was never convicted. There was no plea, no verdict, and no finding of guilt.

30

## COUNT I

## Fourth Amendment Malicious Prosecution — 42 U.S.C. § 1983

.

(Against Defendants Leonard, Raycraft, and Schut)

31 Plaintiff incorporates all preceding paragraphs.

. Defendants made, influenced, or participated in the decision to prosecute Plaintiff, including by supplying the factual basis for the charges and by continuing to support the
32
prosecution after the complaining witness withdrew her cooperation.

33 There was no probable cause to continue the criminal proceeding against Plaintiff.

. Plaintiff suffered a deprivation of liberty apart from the initial seizure, including nine days of pretrial incarceration and nineteen additional months of bond conditions and restrictions
34
on his liberty.

35 The criminal proceeding terminated in Plaintiff's favor on June 8, 2026.

. This claim did not accrue until June 8, 2026.

36

## COUNT II

## Fourth Amendment Unlawful Pretrial Detention — 42 U.S.C. § 1983

.

(Against Defendants Leonard, Raycraft, and Schut)

37 Plaintiff incorporates all preceding paragraphs.

. The Fourth Amendment governs pretrial detention even after the start of legal process, where that process was itself founded on false or incomplete information.
38

39. Defendants caused Plaintiff to be detained from October 11 through October 20, 2024 on legal process that was defective, incomplete, or founded on material omissions.

40. That detention was unreasonable and violated Plaintiff's Fourth Amendment rights.

## COUNT III

### Fourth Amendment Judicial Deception and Fabrication of Evidence — 42 U.S.C. § 1983

(Against Defendants Leonard, Raycraft, and Schut)

41. Plaintiff incorporates all preceding paragraphs.

42. Defendants knowingly or with reckless disregard for the truth made false statements or omitted material facts in the sworn materials submitted in support of the charges against Plaintiff.

43. The omitted facts — that Plaintiff was already arrested, already booked, and already arraigned before the warrant was signed — were material.

44. Defendant Raycraft's characterization of the mark on Plaintiff's face was offered as corroborating evidence of an assault without photographic, medical, or other support.

45. A reasonable officer would have known that this conduct violated clearly established rights.

## COUNT IV

### Failure to Intervene — 42 U.S.C. § 1983

(Against Defendants Leonard, Raycraft, and Schut)

46. Plaintiff incorporates all preceding paragraphs.

47. Each Defendant observed, or had reason to know of, the violations described above and had a realistic opportunity to intervene to prevent them.

48. Each Defendant failed to do so.

## COUNT V

### Municipal Liability — 42 U.S.C. § 1983

(Against Defendant City of Grand Rapids)

49. Plaintiff incorporates all preceding paragraphs.

50. On information and belief, a Grand Rapids Police Department supervisor or other official with final decision-making authority authorized, approved, or ratified the decision to arrest and continue to detain Plaintiff, and the basis for that decision.

51. On information and belief, the City maintained a custom of tolerance or acquiescence toward officers detaining persons on legal process that had not yet issued, and toward inadequate investigation of complaints regarding such detentions.

**COUNT VI**
**Municipal Liability — 42 U.S.C. § 1983**
(Against Defendant County of Kent)

52 Plaintiff incorporates all preceding paragraphs.

53. Kent County Correctional Facility personnel were told, and acknowledged on body-worn camera, that no warrant had been received for Plaintiff.

54. Kent County personnel nonetheless booked and detained Plaintiff.

55. On information and belief, Kent County maintained a policy or custom of accepting and detaining arrestees delivered by outside agencies without confirming that legal process authorizing detention existed.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for Plaintiff on all counts;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against the individual Defendants;

D. Award costs and any fees permitted by 42 U.S.C. § 1988; and

E. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Kenneth Antwan Artis
Plaintiff, Pro Se
1037 Michigan Street NE, Apt. 416

Grand Rapids, MI 49503
(616) 409-6757
kennethartis285@gmail.com
Dated: 9/3/26, 2026